In the Matter of MILTON RABOW, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, December 12, 1963.

*John B. Walsh* for petitioner.

*Milton Rabow* respondent in person.

*Per Curiam.* Respondent admits that, without authority from his client, he paid $17,500 of his client's money to a corporation of which respondent was an officer and in which he had an interest and received therefor the corporation's note payable to the client. The money was taken from $27,600 collected for the client on February 3, 1961, which respondent had agreed, by a letter written to the client before the collection, would be "deposited to your account per your further order". The client was in the State of Florida at the time the money was collected and when the unauthorized payment was made to the corporation. He had, theretofore, instructed respondent to deposit the money in his account in Erie County Savings Bank. Ten thousand dollars was so deposited but the bank would not accept a greater amount because of rules then in force limiting the amount of customer's deposits. On March 16, 1961, the client, on his return from Florida, received a letter from respondent explaining the disbursement of the money collected, enclosing the corporation's note to the client for $17,500 and respondent's check for the balance. The client testified that in response to his demand for an explanation of the unauthorized payment to the corporation, respondent told him that the bank would only take $10,000 and that rather than lose interest on the money he invested it. Respondent's dealings as a business man were required to be as upright as should be his dealings in his professional capacity (*Matter of Relin,* 19 A D 2d 460). The unauthorized loan of his client's money constituted a breach of trust for which we find him guilty of professional misconduct.

In determining the measure of discipline that should be meted out to him we take into consideration his good reputation as a lawyer since he was admitted to the Bar of this State in the year 1930, and his actions since this charge was made against him which commend him strongly to our favorable consideration. He frankly admitted the unauthorized investment of his client's money and has submitted the proceeding for our determination on the petition of the Bar Association and the record before its Committee on Grievances. We also take cognizance of the fact that respondent has made an arrangement with the client whereby the client will suffer no loss from the transaction.

Under the circumstances we have decided that he should be censured.

WILLIAMS, P. J., and BASTOW, J. (dissenting). Stripped to its bare essentials this proceeding presents the case of an attorney

who has misappropriated $17,500 of his client's moneys. Up to the present the moneys have not been repaid, but respondent has given the client a surety bond for the faithful performance by the attorney of his now recognized obligation to repay the misappropriated funds. In our opinion, censure is not an appropriate penalty, and a more severe punishment should be imposed.

GOLDMAN, HENRY and NOONAN, JJ., concur in *Per Curiam* opinion; WILLIAMS, P. J., and BASTOW, J., dissent in separate opinion.

Order entered censuring respondent.